ANN ALDRICH, Senior District Judge,
dissenting:
I respectfully dissent. If Floyd Bryant raped Mary Almand,[1] there is at least a genuine issue as to whether he did so under color of state law. Therefore, I would affirm the district court’s denial of Bryant’s motion for summary judgment.
*1516 I.
In order to prevail in an action brought under 42 U.S.C. § 1988, a plaintiff must show that (1) a person acting under color of state law (2) deprived her of a right secured by the United States Constitution or other federal laws. Duke v. Smith, 18 F.3d 388, 392 (11th Cir.1994). The majority apparently concedes that, if Bryant did rape Almand under color of state law, then he violated her constitutional right to bodily integrity. See Albright v. Oliver, 510 U.S. 266, 271-73, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994) (citations omitted); Doe v. Taylor Indep. School Dist., 15 F.3d 443, 450-52 (5th Cir.), cert. denied, - U.S. -, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 726-27 (3rd Cir.1989), cert. denied, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990); Parker v. Williams, 862 F.2d 1471, 1474 (11th Cir.1989). Because there is a genuine issue as to the circumstances under which Bryant may have raped Almand, there is a genuine issue as to whether he deprived her of a constitutional right.
II.
Nevertheless, the majority concludes that Bryant is still entitled to summary judgment because his actions in raping Almand were not taken under color of state law. I respectfully disagree.
A defendant acts under color of state law when he exercises power “possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.” West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quotation omitted). Hence, a defendant acts under color of state law when he abuses a position given to him by the state. Id. at 50, 108 S.Ct. at 2255-56; Morgan v. Tice, 862 F.2d 1495, 1499 (11th Cir.), cert. denied, 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). Here, I believe that there is a genuine issue of material fact as to this question.
Viewing the facts in a light most favorable to Almand, it appears that Bryant was able to rape Almand only because of his abuse of his position as a police officer. As the majority notes, Bryant initially obtained access to Almand’s home on the day of the rape on the pretense of discussing police business with her. Although the facts are not entirely clear on this point, it appears from Almand’s deposition that she unlocked her door for Bryant and admitted him to her home. She testified that she had a double-locked door which could only be opened with a key, and that Bryant came through that door. She also testified that after Bryant entered, she put the key on top of her stereo speaker.[2] A reasonable finder of fact could infer that she unlocked the door for Bryant. The majority concedes that if Bryant had raped Almand at that point, his actions probably would have been taken under color of state law.
Bryant did not rape Almand at that point, however. Instead, he complied with her request to leave and walked out the door. Almand shut the door behind him and turned to get the key to lock the door. At this point, before Almand could lock the door, Bryant slammed it open, entered, and raped her.
The majority holds that once Bryant left and then “forcibly” broke in, he was no different than “any other ruffian.” If Bryant had broken through a locked door, I might accept this conclusion. If that were the case, Bryant’s position as a police officer would have afforded him no advantage in his alleged rape of Almand. There is evidence, however, that Bryant merely had to open an unlocked door, which Almand had unlocked for him specifically because he was a police officer.[3] In other words, construing the evidence in Almand’s favor, a reasonable finder of fact could find that Bryant’s abuse of his position as a police officer induced Almand to *1517 unlock the door so that he could rape her. Thus, Bryant’s abuse of his position as an officer of the state made his rape of Almand possible, and he acted under color of state law.
This case is analogous to Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476 (9th Cir.1991). In Dang Vang, the defendant was a state employee who was responsible for interviewing Hmong refugees and finding employment for them. On the pretense of taking women job-hunting, he lured them to a motel and raped them. Of course, “any other ruffian” could have told the women he had a job for them in order to lure them to a motel and rape them. As the Ninth Circuit noted, however, the plaintiffs came into contact with the defendant because of their need for employment, and the jury could have reasonably concluded that “the defendant used his government position ... in order to sexually assault them.” Id. at 480. Similarly, Almand came into contact with Bryant because of her need for police help, and Bryant used his position to gain access to her home in order to rape her. Again, “any other ruffian” could have raped Almand, but Bryant’s status as a police officer made it possible for him to do so in a way that another could not.
III.
On the specific facts of this ease, I conclude that, assuming Bryant did rape Almand, there is at least a geriuine factual issue as to whether he did so under color of state law.[4] Accordingly, I would affirm the district court’s denial of Bryant’s motion for summary judgment. I respectfully dissent.

. As the majority correctly observes, for the purposes of our review of the district court's denial of Bryant’s motion for summary judgment, we must assume that Biyant did, in fact, rape Almand.

. At another point, Almand testified that Bryant put the key on her speaker. At this stage in the proceedings, however, we must resolve all factual discrepancies in favor of Almand.

. It is also possible, but not clear from Almand’s testimony, that Bryant opened the door with such force that it did not matter that the door was not locked. If he did, then I would agree that Bryant did not act under color of state law. That fact is not clear, however, and we must resolve all factual disputes in favor of Almand.

. Because I reach this conclusion, there is no need for me to consider whether Bryant’s admission that he acted trader color of state law is of any import.